11-4799 (L)
*Mantell v. Chassman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day February, two thousand thirteen.

PRESENT:
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges,*
            LEWIS A. KAPLAN,[*]
                 *District Judge.*

_____

MICHAEL MANTELL,

                 *Non-Party-Appellant*,

            v.                                              11-4799 (L)
                                                            12-1101 (con)
MARGIE CHASSMAN, MORDECHAI JOFEN,

                 *Defendants-Counter-*
                 *Claimants - Appellees*,

JeGeCla B.V., V.D.B. PACIFIC B.V.,

                 *Plaintiffs-Counter-Defendants*.

_____

[*]The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR NON-PARTY-APPELLANT:** Michael Mantell, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE** Stanley Shapiro, Law Office of Stanley K. Shapiro,
**MARGIE CHASSMAN:** New York, NY.

Appeal from orders of the United States District Court for Southern District of New York (Marrero, *J*. and Forrest, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that: (1) the October 2011 order is **AFFIRMED** with respect to the district court's finding that sanctions were appropriate, but **VACATED** and **REMANDED** with respect to the calculation of attorneys' fees and costs; and (2) the March 2012 order is **VACATED** and **REMANDED**.

Appellant Michael Mantell ("Mantell"), proceeding *pro se*, appeals from two district court orders imposing sanctions against him, pursuant to Federal Rules of Civil Procedure 37(a)(5) and (d) and 28 U.S.C. § 1927, for his conduct in representing the plaintiffs in district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision to impose sanctions under Rule 37 for abuse of discretion, and its factual findings for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010). Similarly, we review a district court's decision to impose sanctions under § 1927 for an abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "[A]lthough the decision to impose sanctions . . . is uniquely within the province of a district court, we nevertheless need to ensure that any such decision is made with restraint and discretion." *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000) (internal quotation marks omitted).

"Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (internal quotation marks omitted). Specifically, "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id.* We have observed that the first requirement is fulfilled by the identification of the relevant Federal Rule of Civil Procedure or statute that warrants imposition of a sanction. *Id.* (finding that a motion for sanctions that focused "chiefly on Rule 11 as the basis for sanctions" but that also "invoked and set forth the standards for sanctions under the District Court's inherent power and 28 U.S.C. § 1927 as well" was sufficient to provide "notice of the source of authority for the requested sanctions").

A.      *The October 2011 Sanction*

Rule 37(a)(5) provides that, if (1) a district court grants a Rule 37(a) motion to compel discovery or disclosure, or (2) disclosure or the requested discovery is provided after the motion was filed, the "court must, after giving an opportunity to be heard, require the . . . [opposing] attorney . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court must not order payment if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Mantell is mistaken that a sanction under Rule 37(a)(5) requires a violation of a court order. Rather, a court must order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel

3

discovery or the requested discovery is provided after such a motion was filed. *See* Fed. R. Civ. P. 37(a)(5). Here, following the November 8, 2010 letter of plaintiff's attorney Stanley K. Shapiro ("Shapiro") requesting the court to compel discovery pursuant to Rule 37, both situations occurred: (1) the magistrate judge ordered disclosure of documents 8-29 and 41-45; and (2) Mantell disclosed documents 31-35 and 37-40 did not exist. We also note that Mantell's assertion that his clients did not contact him until December 2011 does not excuse his failure to inform Shapiro or the magistrate judge in a timely fashion that he required additional time to respond to Shapiro's discovery requests. By waiting until January 2011 to alert Shapiro and the magistrate judge that he was unable to confer with his clients during the relevant period, Mantell forced needless motion practice, wasting time and resources.

However, Mantell is correct that the district court improperly calculated attorneys' fees by including the attorneys' fees related to Shapiro's June 2011 reply to Mantell's objections to the declaration of fees and costs (a total of 5.5 hours, or $2,475). As Mantell points out, the magistrate judge invited him to file objections to Shapiro's January 2011 declaration of attorney's fees and costs, but then sanctioned Mantell for doing so by awarding fees associated with Shapiro's June 2011 reply. Moreover, the sanctions the district court imposed against Mantell were for the reasonable attorneys' fees and costs associated with the November 8, 2010, November 22, 2010, December 16, 2010, and January 13, 2011 letters. Thus, because the sanction award did not cover future filings, the court erred by including fees for Shapiro's June 2011 reply.

The district court also erroneously concluded that Mantell waived the issue of financial hardship by failing to raise it in his original opposition to the sanctions motion. Mantell's May 31 objection to Shapiro's fee calculation argued that "an award of the amount sought against [him]

4

would be unfair, particularly in relation to [his] income." Joint App'x at 373. The district court therefore erred by failing to consider Mantell's financial hardship argument in calculating an appropriate sanction.

Accordingly, although we affirm the district court's finding that sanctions were appropriate, we vacate and remand for recalculation of attorneys' fees and costs.

*B.* *The March 2012 Sanction*

In its December 20, 2011 Memorandum and Order, the district court imposed sanctions on Mantell pursuant to Rule 37(d) and § 1927 for (1) scheduling his clients' depositions in bad faith, and (2) filing a frivolous motion for reconsideration in July 2011. Since Rule 37(d) provides sanctions for a "Party's Failure to Attend Its Own Deposition," it can be safely assumed that when the district court sanctioned Mantell for the frivolous motion for reconsideration, it did so pursuant to § 1927 and not Rule 37(d). The district court affirmed the imposition of sanctions against Mantell when it denied his motion for reconsideration of the December 2011 Order in March 2012.

First, insofar as the district court imposed sanctions under § 1927, Mantell lacked proper notice that he was facing such sanctions, as: (1) Shapiro, in his November 2011 motion, sought sanctions pursuant to Rule 37; and (2) the district court did not warn Mantell that it was considering imposing § 1927 sanctions prior to imposing sanctions in its December 2011 order. Although the court had previously sanctioned Mantell under § 1927 (the October 2011 sanction), he was not on notice that he was facing such sanctions based on Shapiro's November 2011 motion. *See Schlaifer Nance & Co.*, 194 F.3d at 334.

Nor was Mantell on notice that he faced sanctions for scheduling his clients' depositions. Although Shapiro moved for sanctions against Mantell's clients for failing to attend their depositions,

5

he did not move for sanctions against Mantell for scheduling those depositions. Although the district court, in its March 2012 reconsideration order, stated that Shapiro had requested sanctions against Mantell with respect to "misrepresentations and omissions regarding the scheduling [of] plaintiffs' depositions," the court cited a section of Shapiro's November 2011 motion related to his request for sanctions against the plaintiffs, not Mantell.

Accordingly, we vacate and remand the March 2012 sanction in its entirety.

We have considered all of Mantell's remaining arguments and find them to be without merit.

*C.    Conclusion*

For the foregoing reasons, we **AFFIRM** the district court's finding that the October 2011 sanction was appropriate, but we **VACATE** and **REMAND** for recalculation of attorneys' fees and costs in accordance with the reasons herein. We also **VACATE** and **REMAND** the March 2012 sanction in its entirety. Chassman's motion for sanctions is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6